ORIGINAL

FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

THOMAS J. BRADY #4427
Chief, Criminal Division

MARC A. WALLENSTEIN
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone:  541-2850

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
OCT 28 2015
at 10 o'clock and 32 min. A.M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.  15-00775 JMS |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | Date:   October 28, 2015 |
| | ) | Time:   10:00 a.m. |
| MARK LLOYD | ) | Judge:  J. Michael Seabright |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, MARK LLOYD, and his attorney, Victor Bakke, have agreed upon the following:

1.   Defendant acknowledges that he has been charged in the Information with violating Title 18, United States Code, Sections 1071 and 1001(a)(2).

2. Defendant has read the charges against him contained in the Information, and the charges have been fully explained to him by his attorney.

3. Defendant agrees to waive indictment and to enter a voluntary plea of guilty to Count 2 of the proposed Information ("Information") annexed hereto as Exhibit "A," charging him with making a material false statement to the FBI. Defendant is aware that he has a right to have this felony charge asserted against him by way of Grand Jury Indictment. Defendant hereby waives (gives up) this right and consents that this offense may be charged against him by way of Information. In return for Defendant's agreement to plead guilty to Count 2 of the Information, and to persist in such guilty plea, the U.S. Attorney agrees to move to dismiss Count 1 of the Information, after Defendant is sentenced as to Count 2.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. Defendant enters this plea because he is in fact guilty of making a material false statement to the FBI, as charged in Count 2 of the Information, and agrees that his plea is voluntary and not the result of force or threats.

      7.    Defendant understands that the penalties for the offense to which he is pleading guilty include:

      a.    Not more than 5 years imprisonment and a fine of not more than $250,000, plus a term of supervised release of not more than three years as to Count 2.

      b.    In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

      8.    Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

      a. On July 11, 2015, FBI Agents told Mark Lloyd that they were looking for Jennifer McTigue, who was a fugitive. FBI Agents asked Mark Lloyd if he knew the whereabouts of Jennifer McTigue. Mark Lloyd falsely told FBI agents that he did not know where Jennifer was. FBI Agents advised Mark Lloyd that it was a federal crime to

lie to federal agents, and to assist a fugitive in hiding from law enforcement. Mark Lloyd continued to falsely deny that he knew McTigue's whereabouts.

    b. Mr. Lloyd made these statement in front of Mr. Lloyd's home, in Honolulu, in the District of Hawaii.

    c. The statements and representations were false because, as Mark Lloyd then and there knew, Jennifer Ann McTigue was inside his home at the time.

    d. Mark Lloyd's false statements were in a matter within the jurisdiction of the FBI and U.S. Marshals Service, because a federal magistrate judge had issued an arrest warrant for Jennifer Ann McTigue. The FBI Agents and U.S. Marshals were trying to locate McTigue in order to execute that arrest warrant.

    e. Mark Lloyd knew that it was a crime to lie to the FBI, because FBI Agents told him so. Mark Lloyd acted willfully; that is, he acted deliberately and with knowledge both that his statement was untrue and that his conduct was unlawful.

    f. Mark Lloyd's false statements caused numerous FBI Agents and U.S. Marshals to remain on-site near his home from the time of his false statements, around midday, to the time of McTigue's arrest inside his home, in the late evening. Mark Lloyd's false statements were therefore material to the activities of the FBI and the U.S. Marshals Service.

9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the Defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

   a.   Factual stipulations: the parties agree that the facts set forth above in Paragraph 8 are incorporated herein by reference.

   b.   Defendant understands and agrees that should Defendant seek to withdraw from this agreement for any reason, and such plea withdrawal is allowed by the Court, notwithstanding such plea withdrawal, Defendant will be bound by her Waiver of Indictment as to the offenses charged in the Information. Accordingly, should Defendant succeed in successfully withdrawing her plea, Defendant agrees that Defendant may nevertheless be prosecuted by Information as to the offenses alleged in Exhibit "A", the Information.

   c. In exchange for his guilty plea to Count 2, the United States will move to dismiss Count 1 at sentencing.

  11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

  12. Pursuant to Section 6B1.4 of the Sentencing Guidelines, no facts are in dispute for the purpose of sentencing of Defendant in connection with this matter.

  13. The Defendant is aware that he has the right to appeal his conviction and the sentence imposed.  Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined, on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

   a. The Defendant also waives his right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

14. The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

15. The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The Defendant understands that the Court will not accept an agreement unless the Court determines that the charge adequately reflects the seriousness of the actual offense behavior, and accepting the agreement will not undermine the statutory purposes of sentencing.

16. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. If Defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

    c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the

evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

      d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

      e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

      17. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

      18. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

      19. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The

parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement, because the Court is expressly not bound by stipulations between the parties.

20. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21. Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. Pursuant to Title 18, United States Code, Section 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence for Count 2 on the ground that Defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. Defendant understands that:

a. The decision as to whether to make such a request or motion is entirely up to the prosecution.

b.  This Agreement does not require the prosecution to make such a request or motion.

c.  This Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

d.  Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

DATED:  Honolulu, Hawaii, ___October 28, 2015___.

AGREED:

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

_____
THOMAS J. BRADY
Chief, Criminal Division

_____
MARC A. WALLENSTEIN
Assistant U.S. Attorney

_____
MARK LLOYD
Defendant

_____
VICTOR BAKKE, Esq.
Attorney for Defendant

EXHIBIT A

EXHIBIT A

FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

THOMAS J BRADY #4472
Chief, Criminal Division

MARC A. WALLENSTEIN
Assistant United States Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: marc.wallenstein@usdoj.gov

Attorneys for Plaintiff,
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. |
| --- | --- | --- |
| Plaintiff, | ) | INFORMATION |
| vs. | ) | 18 U.S.C. § 1071 |
| | ) | Concealing Person from Arrest |
| MARK LLOYD, | ) | |
| | ) | 18 U.S.C. § 1001(a)(2) |
| Defendant. | ) | Material False Statement |

## INFORMATION

The United States Attorney charges that:

## COUNT 1

## CONCEALING PERSON FROM ARREST

(18 U.S.C. § 1071)

On or about the 11th day of July, 2015, in the District of Hawaii, the defendant, Mark Lloyd, harbored and concealed Jennifer Ann McTigue, a person for whose arrest warrant and process had been issued under the provisions of a law of the United States, so as to prevent the discovery and arrest of McTigue, after notice and knowledge of the fact that a warrant and process had been issued for the apprehension of McTigue, and which warrant had been issued on a felony charge, in violation of Title 18, United States Code, Section 1071.

## COUNT 2

## MATERIAL FALSE STATEMENT

(18 U.S.C. § 1001(a)(2))

That on or about the 11th day of July, 2015, Mark Lloyd, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by falsely and repeatedly telling FBI agents that

fugitive Jennifer Ann McTigue was not inside his home. Mr. Lloyd made these statement in front of Mr. Lloyd's home, in Honolulu, in the District of Hawaii. The statements and representations were false because, as Mark Lloyd then and there knew, Jennifer Ann McTigue was inside his home at the time.

In violation of Title 18, United States Code, Section 1001.

DATED: _____, at Honolulu, Hawaii.

        FLORENCE T. NAKAKUNI
        United States Attorney
        District of Hawaii


By_____
    THOMAS J. BRADY
    Chief, Criminal Division


By_____
    MARC A. WALLENSTEIN
    Assistant U.S. Attorney


U.S. v. Mark Lloyd
Cr. No. _____
"Information"